# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| GERARDO MARTINEZ,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10CV94 DAK |

      This matter is before the court on Gerardo Martinez's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The court has carefully reviewed all pertinent matters in this case. and has concluded that it is not necessary to order the Government to respond because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255. Mr. Martinez pleaded guilty to two of the six counts in the Indictment: 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 1951(a) and 2. He faced a minimum mandatory sentence of five years for the § 924 Count, and the statute also required that the sentence could not run concurrently with any other sentence. The advisory guideline range for the § 1951 count was 41-51 months.

      Defendant's counsel requested that the court sentence Defendant to twelve months on the § 1951 count to make his sentence more commensurate with the sentences given to his co-defendants. While the court did not deviate from the sentencing guidelines to the extent

1

requested by Defendant, the court sentenced him to 30 months on the § 1951 count–rather than the 41 to 51-month guideline range.

Despite Defendant's counsel's partial success in requesting a sentence below the guideline range, and despite Defendant's waiver of his right under § 2255 to collaterally attack his sentence in exchange for the government's offer of the plea deal, Defendant now has the audacity to complain about his sentence. Of course his motion is characterized in terms of "ineffective assistance of counsel" because that is the only ground upon which he cannot waive his rights under § 2255.

Specifically, Petitioner argues that he was denied effective assistance because his attorney allegedly (1) disregarded his request to file a notice of appeal (which right he had waived in his Statement in Advance of Plea); (2) failed to object to the fact that Defendant was being punished twice based on the same weapon; and (3) failed to address his qualification for a "minor role adjustment."

Defendant's ineffective assistance claim wholly lacks merit. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A showing of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 690-94.

In other words, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686. For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id*. at 687. The standard of review for assessing such competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

In this case, Petitioner has not provided any indication that his counsel's performance was in any way constitutionally deficient or that any such deficient performance was prejudicial. Indeed, his counsel was able to convince the court to impose a sentence that was at almost a year less than the lowest end of the guideline range. Moreover, counsel's performance was certainly "within the range of competence normally demanded of attorneys in criminal cases" and her representation of Defendant produced a just result.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 23rd day of February, 2010.

BY THE COURT:

DALE A. KIMBALL
United States District Judge